```
                  UNITED STATES DISTRICT COURT
                          FOR THE
                     DISTRICT OF VERMONT

Walter Zisman,                    :
         Plaintiff,               :
                                  :
     v.                           :    File No. 1:08-CV-16
                                  :
Liberty Mutual Insurance          :
Company,                          :
         Defendant.               :
```

OPINION AND ORDER
(Paper 35)

Plaintiff Walter Zisman, proceeding *pro se*, brings this action claiming that he was defrauded and defamed by defendant Liberty Mutual Insurance Company. The case arises out of Liberty Mutual's refusal to provide coverage after a fire damaged Zisman's home. Liberty Mutual now moves for summary judgment, arguing that Zisman's claims are time-barred and that his defamation claim is meritless. For the reasons set forth below, the motion for summary judgment is GRANTED and this case is DISMISSED.

Factual Background

The following facts are undisputed. On September 26, 2001, a fire damaged Zisman's home in southern Vermont. The home was covered by a Liberty Mutual homeowner's insurance policy. In a letter dated December 5, 2001, Liberty Mutual informed him that it would be denying coverage. The letter stated, in relevant part, that the denial was based upon investigations conducted by

New England Fire Cause and Origin (NEFCO) and the Vermont State Police.

> The result of these separate investigations have concluded that the fire that occurred at your residence was intentionally set and incendiary in nature. Samples taken from the property tested positive for presence of an accelerant. Also, financial information provided by you during the examination under oath supports a clear financial motive on your part.

Second Am. Complaint, Ex. 1. The letter also noted that the State of Vermont had filed charges against Zisman alleging first degree arson and arson to defraud an insurance company. Id. The letter was signed by Peter Richardson, a Senior Property Loss Specialist at Liberty Mutual.

Zisman subsequently retained counsel. On February 6, 2002, the State of Vermont dismissed the criminal charges against him without prejudice, preserving its right to re-file. On May 21, 2002, Zisman's attorney wrote to Richardson informing him of Zisman's intent to sue Liberty Mutual for payment under the policy, punitive damages and insurance bad faith. According to the letter, the suit would be based on Zisman's contention that the test results were erroneous, and that "[w]e do not believe that there is credible evidence that the fire was intentionally set by Mr. Zisman." Id., Ex. 9.

Zisman's insurance policy contained a provision requiring that legal action against Liberty Mutual be "started within one year after the date of loss." On September 5, 2002, nearly one

year after the date of the fire, Zisman's attorney wrote to Liberty Mutual's attorney, Eric Johnson, Esq., and expressed a desire to either settle the case or proceed to litigation.  Id., Ex. 10.  Three months later, on December 12, 2002, Zisman's attorney informed him that he had heard back from Johnson, and that Liberty Mutual "will continue to deny payment on your claim.  Accordingly, we are going to have to sue Liberty Mutual. . . . Hopefully, this can be filed in Court prior to the end of February, 2003."  Id. Ex. 11 at 1.

In a letter dated October 23, 2003, Zisman was informed by his attorney that any claim against Liberty Mutual was time-barred.  Specifically, counsel cited the one-year limitations period in the policy, and explained that he was unable to find any exceptions or exclusions that might apply.  "Thus, in my opinion, you no longer have an action against Liberty Mutual, since no suit was initiated within one year after the date of the loss."  Id., Ex. 11 at 2.  Counsel further advised Zisman of his right "to seek out other counsel in regards to any additional rights you may have in this matter, including any potential claim you may have against me or [my] law firm . . . ."  Id.

Zisman subsequently complained about Liberty Mutual's denial of coverage to the Vermont Department of Banking, Insurance, Securities and Health Care Administration (BISHCA).  Liberty Mutual responded with a letter to BISHCA from Property Team

3

Manager Jeffrey Dacy dated August 19, 2004.  In his letter, Dacy restated the evidence indicating arson, including: NEFCO's conclusion that the fire was set intentionally; test results showing the presence of gasoline; an electrical engineer's conclusion ruling out any potential electrical source; and Zisman's apparent financial motive.  Dacy further reported that the case was still considered "open and active" by the Vermont State Police.  Id., Ex. 2 at 2.  In a letter dated September 22, 2004, George Mitchell of BISHCA informed Zisman that his agency would not challenge Liberty Mutual's evidentiary support for its decision.  Id., Ex. 2 at 1.

## Procedural History

On June 18, 2007, Zisman filed suit against Liberty Mutual in the United States District Court for the Northern District of Texas.  Zisman currently resides in Texas, while Liberty Mutual is a Massachusetts company.  Zisman asserts that the federal courts have subject matter jurisdiction by virtue of diversity of citizenship.  After Liberty Mutual challenged Zisman's choice of venue, the case was transferred to this Court.

Zisman's *pro se* complaint alleges that the chemical analysis performed after the fire was falsified and that Liberty Mutual is liable for fraud.  In support of this claim, Zisman contends that he was never provided a copy of the chemical analysis, and that

the person who performed the work had previously pleaded guilty to falsifying an analysis.[1]

Zisman also claims that Dacy's letter to BISHCA constituted libel and/or slander.  The complaint further asserts that Liberty Mutual purposely delayed its responses to Zisman's attorney.  Liberty Mutual now moves for summary judgment, arguing statute of limitations and failure to state a claim.  The motion is opposed.

### Discussion

I. Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, a motion for summary judgment may not be granted unless the Court determines that there is no genuine issue of material fact to be tried, and that the undisputed material facts warrant judgment for the moving party as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Salahuddin v. Goord, 467 F.3d 263, 272-73 (2d Cir. 2006); Williams v. Utica Coll. of Syracuse Univ., 453 F.3d 112, 116 (2d Cir. 2006).  The burden of demonstrating the absence of any genuine dispute as to material facts rests upon the party seeking summary judgment.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  Once a properly supported motion for summary judgment has been made, the burden

---

[1] Zisman suggests that Liberty Mutual has accepted the premise that the chemical analysis was flawed.  (Paper 44 at 2).  However, a review of Liberty Mutual's statement of undisputed material facts reveals that this fact remains disputed.  (Paper 37).

shifts to the non-moving party to make a sufficient showing to establish the essential elements of that party's case on which it bears the burden of proof at trial.  Hayut v. State Univ. of N.Y., 352 F.3d 733, 743 (2d Cir. 2003).

The non-moving party must put forth "specific facts showing there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, courts are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004).  Nevertheless, a party opposing a motion for summary judgment cannot rely on mere speculation or conjecture.  See Conroy v. N.Y. State Dep't of Corr. Servs., 333 F.3d 88, 94 (2d Cir. 2003) ("[M]ere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment.").  If a plaintiff is proceeding *pro se*, courts are to construe the complaint and other pleadings liberally.  See Williams v. Edwards, 195 F.3d 95, 96 (2d Cir. 1999).

II.  Coverage

Liberty Mutual first argues that Zisman's claim for coverage under the policy is time-barred.  Because this is a diversity case, the Court must apply Vermont law with respect to the

relevant statute of limitations.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Guaranty Trust Co. v. York, 326 U.S. 99, 108-09 (1945).

Liberty Mutual argues that the limitations period in this case was set by the insurance policy, which required that any legal action against it be started within one year after the date of loss.  Vermont law specifically permits insurance policies to set limitations periods, provided those periods comply with applicable statutory restrictions.  See Greene v. Stevens Gas Serv., 177 Vt. 90, 98 (2004).  The relevant state statute in this case allows a policy covering "fire, life, accident, liability or burglary" to set the limitations period so long as that period is not less than one year from the date of the loss.  Id. (citing 8 V.S.A. § 3663).  Liberty Mutual's one-year limitations period was, therefore, in compliance with Vermont law.

It is undisputed that the loss in this case occurred in 2001.  It is also clear that no civil action was initiated until 2007.  Accordingly, any attempt by Zisman to now seek coverage under the insurance policy is barred by the policy's limitations period.

Zisman's argument against application of the limitations period – that Liberty Mutual intentionally delayed its settlement responses until after the one-year period had expired – is

unavailing.[2]  Zisman was represented by counsel at the time, and his attorney was clearly aware of the policy prior to the expiration of the limitations period.  Counsel was also aware, as discussed more fully below, of a potential fraud claim against Liberty Mutual with respect to the chemical test results.  The fact that Zisman and his attorney allowed the filing deadline to pass without taking appropriate action cannot be reasonably attributed to Liberty Mutual.

III.  Fraud

Zisman's fraud claim is also barred.  The complaint alleges that Liberty Mutual fabricated test results to justify its denial of coverage.  This claim is based, in large part, upon Zisman's discovery that the person who did the chemical analysis had previously pleaded guilty to fraud.  Assuming, for the sake of argument, that the analysis in Zisman's case was fraudulent, Zisman offers only speculation that Liberty Mutual was involved.

Under Vermont law, a claim for fraud must allege and prove that the fraudulent party made a knowing misrepresentation of fact, and that the fact was not "not open to the defrauded party's knowledge."  Union Bank v. Jones, 138 Vt. 115, 121

---

[2]  Zisman's argument on this point is not entirely clear. He suggests that Liberty Mutual delayed its response "thereby invoking" the limitations period.  (Paper 40 at 2).  If Zisman is claiming that the limitations period did not begin until Liberty Mutual's attorney responded in December 2002 to a threat of litigation, his 2007 civil filing would still be barred by the one-year limitations period.

(1980). Zisman's fraud claim falls short on both counts. First, he fails to allege or establish that Liberty Mutual knew of the analyst's allegedly fraudulent activity. Second, the record demonstrates that Zisman's attorney was aware of the analyst's criminal history prior to the expiration of the limitations period. Second Am. Complaint, Ex. 10 at 5 (letter from counsel dated September 20, 2002 discussing analyst's criminal conviction). Consequently, Zisman could have taken legal action on his fraud claim prior to the expiration of the one-year period.

Moreover, Zisman's fraud claim amounts to nothing more than a challenge to Liberty Mutual's investigation and subsequent coverage decision. Accordingly, it is more akin to a bad faith claim. The Vermont Supreme Court has held that a claim such as this, where a plaintiff is essentially challenging a denial of coverage and has not established a separate tort, "is merely a disguised attempt to resolve a dispute as to liability for [the plaintiff's] loss and is therefore subject to the policy limitation clause." Greene, 177 Vt. at 102. Zisman's claim of fraud is, therefore, barred as untimely.[3]

---

[3] Zisman contends that his fraud claim is supported by Marshall v. Marshall, 547 U.S. 293 (2006). The Marshall decision pertained to the jurisdiction of federal courts in matters arising out of state probate proceedings, and has no application here. 547 U.S. at 312.

IV. <u>Libel and Slander</u>

Zisman's final claim is his defamation allegation. Liberty Mutual argues that, although the challenged statement occurred in a letter to BISHCA in 2004, this claim is barred by the one-year limitations period because it is essentially challenging the original coverage decision. Liberty Mutual also argues that the defamation allegation fails to state a claim.

The Vermont Supreme Court has established the following elements for defamation:

> (1) a false and defamatory statement concerning another; (2) some negligence, or greater fault, in publishing the statement; (3) publication to at least one third person; (4) lack of privilege in the publication; (5) special damages, unless actionable per se; and (6) some actual harm so as to warrant compensatory damages.

<u>Lent v. Huntoon</u>, 143 Vt. 539, 546-47 (1983) (footnote omitted). Truth is a complete defense to defamation. <u>Id.</u> at 548.

Zisman's allegation focuses on Dacy's statement to BISHCA that an accelerant was found in the home. Second Am. Complaint, ¶ 10. However, Zisman concedes in his complaint that "there was gasoline and kerosene" in his home at the time of the fire. <u>Id.</u>, ¶ 13. Accordingly, it cannot be claimed that Dacy's statement about the presence of an accelerant was false.

What Zisman is actually disputing is Liberty Mutual's conclusion, based upon the findings of the Vermont State Police and others, that the fire was intentionally set. Although

restated in Dacy's letter in 2004, this conclusion is no different from the one reached by Liberty Mutual in 2001.  The Court will not allow Zisman to bypass the one-year limitations period by re-framing his claim as a defamation action and raising questions that should have been asserted in a legal action within one year of the date of loss.  The claim for defamation is, therefore, DISMISSED as a matter of law.

## Conclusion

For the reasons set forth above, Liberty Mutual's motion for summary judgment (Paper 35) is GRANTED and this case is DISMISSED.

Dated at Brattleboro, in the District of Vermont, this 30th day of September, 2008.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge